UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

9751 ROAD H.8 NORTHEAST, MOSES LAKE, WASHINGTON,

        Defendant.

No. CV-03-337-FVS

ORDER

**THIS MATTER** comes before the Court based upon the government's motion for summary judgment.  The government is represented by Jane Kirk; Irene DeLeon is represented by Antonio Salazar.

**BACKGROUND**

During the Summer of 2003, Robert G. DeLeon was growing marijuana on property whose address is 9751 Road H.8, Moses Lake, Washington. The parcel was the community property of Mr. DeLeon and his wife, Irene.  Mrs. DeLeon was very concerned about her husband's activities because, among other reasons, both she and he had been arrested previously for growing marijuana.  As a result, she knew that his activities could lead to the forfeiture of the property.  She alleges she vigorously warned him of the folly of his ways, going so far as to leave him for a week or two.  However, the separation accomplished little.  He allegedly made a vague promise of reform, which he did not keep.  On September 8, 2003, law enforcement officers executed a

ORDER - 1

warrant authorizing them to search the premises.  They discovered 69 marijuana plants in the basement of the house and another 401 marijuana plants in a separate shop.  The United States obtained an indictment charging Mr. DeLeon with violations of 21 U.S.C. § 841(a)(1) and seeking forfeiture of his interest in the property. *United States v. DeLeon*, CR-03-223-WFN.  He was convicted and his interest was forfeited.  Besides obtaining the indictment, the United States commenced a civil forfeiture action against the property itself.  Mrs. DeLeon filed a claim.  The United States moves for summary judgment.

**RULING**

The government bears the burden of proving by a preponderance of the evidence that the defendant property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  Given the government's theory of the case, the government initially must demonstrate a "substantial connection" between the defendant property and Mr. DeLeon's crime.  18 U.S.C. § 983(c)(3).  Mrs. DeLeon does not deny the government has satisfied its initial burden.  Thus, the burden shifts to her to prove by a preponderance of the evidence that she is an "innocent owner."  18 U.S.C. § 983(d)(1).  An innocent owner is an owner who:

> (I) did not know of the conduct giving rise to forfeiture; or
> (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

18 U.S.C. § 983(d)(2)(A).  Mrs. DeLeon knew her husband was growing marijuana on their property even if, as she alleges, she did not realize the full scope of his activities.  Consequently, only

ORDER - 2

subsection (ii) is potentially available to her.  In order to invoke its protection, she must prove by a preponderance that she "did all that reasonably could be expected under the circumstances to terminate such use of the property."  18 U.S.C. § 983(d)(2)(A)(ii).  Although the evidence she has presented is far from overwhelming, it is enough (barely) to avoid summary judgment.  Mrs. DeLeon was in a difficult position.  It seems unlikely she could have terminated her husband's illicit use of the property unless she filed for dissolution of their marriage or turned him into the police.  Whether the steps which she did take were all that reasonably could have been expected of her is an issue which should be resolved upon a fully developed record.

**IT IS HEREBY ORDERED:**

The government's motion for summary judgment (**Ct. Rec. 34**) is denied.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___12th___ day of May, 2006.

s/Fred Van Sickle<br>
Fred Van Sickle<br>
United States District Judge

ORDER - 3